United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| MOHAMMED SHEDLY LOUATI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 24-12782-NMG |
| CVS HEALTH CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM & ORDER

GORTON, J.

This suit arises out of allegations that certain employees of defendant, CVS Health Corporation ("CVS" or "defendant"), filed a false police report against one of its regular customers, pro se plaintiff, Mohammed Shedly Louati ("Louati" or "plaintiff"). Now pending before the Court is the motion of CVS to dismiss the case for failure to state a claim (Docket No. 5), in addition to several motions of plaintiff to remand the case to state court (Docket Nos. 7, 9, 15, 24), to amend his complaint (Docket No. 10) and to impose sanctions on defense counsel for prematurely removing the case (Docket Nos. 16, 23). For the reasons that follow, defendant's motion to dismiss will be allowed and all motions of plaintiff will be denied.

-1-

I.   **Background**

Plaintiff is a natural person residing in Norfolk County, Massachusetts.  Defendant is a Delaware corporation with its principal place of business in Rhode Island.

According to the complaint, Louati became a customer of the CVS Pharmacy located at 900 Commonwealth Avenue in Boston, Massachusetts ("the Store"), in June, 2022.  The Store was in close proximity to Louati's residence and to the university where he worked as a professor of statistics.  He visited the Store frequently to use its MoneyGram services to transfer money to family members overseas.[1]

In December, 2022, Louati had what he describes as a "negative encounter" with the Operations Manager of the Store, Cassandra Jackson ("Jackson").  He reported the incident to Jackson's supervisor, "Jason," who allegedly apologized and promised that the undescribed conduct would not happen again.

Approximately one year later, Louati visited the Store to send money to relatives via MoneyGram.  He made three separate transfers, using $20 bills for each transaction.  Louati returned to the Store the next day to pick up his prescription medications and to make an additional money transfer.  When he provided his driver's license to Jason to initiate the transfer,

---

[1] MoneyGram offers global money transfer services online and in person at MoneyGram branches and various partner stores, including CVS.

Jason inspected the license and then asked plaintiff to wait while he took the license to his office.

Minutes later, officers of the Brookline Police Department ("BPD") entered the Store. Jackson approached one of them who, in turn, approached Louati, asked for his ID and informed him that he was under investigation. Louati refused to hand over any identification and asked whether he was being charged with a crime. The officers accused Louati of using counterfeit $50 bills to execute his transactions the preceding day. According to Louati, one of the students he teaches was in the Store at that time and may have overheard the conversation.

As described in the BPD incident report, dated December 13, 2023, which Louati attached as an exhibit to his complaint, Jackson told officers that an individual had conducted a MoneyGram transaction the prior day using counterfeit $50 bills.[2] That individual had presented an ID with the name "Mohammed Shedly Louati" to the CVS employee assisting in the transaction. Jackson also provided the officers with a USB drive containing a surveillance video recording of the incident. That video showed a man approaching the cash register, removing a white envelope from his pocket, counting the bills and then handing them to the employee at the register. The report states that the man in the

---

[2] The Court may properly consider the incident report because it is attached to the complaint. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68 (1st Cir. 2014).

video appears to be white, approximately 40 to 50 years old, with gray hair, a moustache and glasses.

In January, 2024, the BPD determined that there was probable cause to charge Louati with Uttering Counterfeit Bills, in violation of M.G.L c. 267 § 10 and Larceny of Property under $1,200, in violation of M.G.L. c. 266 § 30.   In July, 2024, the charges were dismissed nolle prosequi.

In October, 2024, plaintiff filed suit in the Massachusetts Superior Court for Suffolk County, in which he claims that CVS "filed a false criminal complaint" against him.  The complaint contains nine counts: defamation (Count I), "intent of retaliation" (Count II), "vicarious liability" (Count III), negligence (Count IV), "abusive process" (Count V), "inflection of emotional stress" (Count VI), "spoliation of evidence" (Count VII), "increase lifelong medical damages" (Count VIII) and "pain and suffering" (Count IX).

In November, 2024, defendant timely removed the case to this Court and moved to dismiss all counts.  The next day, Louati moved to remand the case to state court (Docket No. 7), arguing that he had informed CVS that he would be adding individual employees to the complaint, thereby negating complete diversity.[3]  Louati then moved to amend his complaint (Docket No.

---

[3] Louati has since filed several motions to remand (Docket Nos. 9, 15, 24) as well as motions for sanctions against defense counsel (Docket Nos. 16, 23)

10). He has not, to date, filed a memorandum in opposition to the motion to dismiss.

## II.  Motions to Amend and Remand

The Court will address the issues of amendment and remand before turning to the sufficiency of the substantive claims. All three issues are, to some degree, interdependent.

A party may amend its pleading by leave of court, which should be "freely give[n] ... when justice so requires". Fed. R. Civ. P. 15(a)(2); Holbrook v. Boston Scientific Corp., 487 F.Supp.3d 100, 104 (D. Mass. 2020). Rule 15(a) gives courts broad discretion in deciding whether to allow or deny leave to amend. U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013). A court acts within that discretion if it denies leave for reasons of, inter alia, undue delay, repeated failure to cure deficiencies, undue prejudice to the opposing party or futility of amendment. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Amendment is considered futile if, inter alia, "the complaint, as amended, would fail to state a claim on which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). To make that assessment, "the district court applies the

_____

for removing the case after Louati had indicated his intent to amend the complaint.

-5-

same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Id.

In this case, plaintiff seeks to amend his complaint by adding, as defendants, three individual employees of the Store. Such amendment, however, would be futile. For the reasons discussed in detail below, the complaint fails to state a claim upon which relief can be granted. The addition of new defendants would not rectify that deficiency.

By rejecting plaintiff's request to add new defendants, the Court also precludes any justification for remand.

When an action is removed to federal court, a plaintiff is entitled to remand the case to state court if 1) the federal court lacks original jurisdiction or 2) the method of removal under 28 U.S.C. §1441 was improper. Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 316 (D. Mass. 2013). Even where the Court otherwise has original jurisdiction, an exception arises in cases where, as here, the court's original jurisdiction is based upon diversity of citizenship. See 28 U.S.C. §1332(a). Commonly known as the "forum defendant rule," this exception requires diversity cases to be remanded to state court if any party who has been "properly joined and served" as a defendant is a citizen of the forum state in which the case was brought. 28 U.S.C. §1441(b).

Without leave of Court to add defendants who are citizens of Massachusetts, the forum defendant rule is not applicable. The Court rightfully retains subject matter jurisdiction over the action because there is complete diversity between the parties. Defendant is a corporate citizen of both Delaware and Rhode Island while plaintiff is a natural person and citizen of Massachusetts.

As such, the Court will deny Louati's motion to amend his complaint (Docket No. 10) and motions for remand (Docket Nos. 7, 9, 15, 24). The Court also declines to exercise its considerable discretion to sanction defense counsel for removing the case. Jones v. Winnepesaukee Realty, 990 F.2d 1, 5-6 (1st Cir. 1993).

III. **Motion to Dismiss**

    a. **Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678). The

reviewing court "may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12.

When making such a determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556). Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13. The assessment is holistic:

> [T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez, 640 F.3d at 14).

Pro se complaints are generously construed. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). However, pro se plaintiffs are still required to comply with procedural and substantive law. Id.

-8-

### b. Analysis

CVS avers that all claims must be dismissed pursuant to the Commonwealth's "Anti-SLAPP" statute, M.G.L. c. 231, § 59H ("the Anti-SLAPP statute") because they are based on a report to the police by CVS employees of a suspected crime, which constitutes an exercise of the right to petition.  In any event, CVS argues, all claims must be dismissed for failure to allege facts sufficient to state a claim.

Pursuant to M.G.L c. 231, §59H, claims based upon the exercise of one's right of petition may be challenged by the defendant via a "special motion to dismiss."  Such a motion shifts the burden of proof to the non-moving party, i.e., the plaintiff asserting those claims, to prove that

> (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused an actual injury to the responding party.

M.G.L. c. 231, §59H.  Defendant is presumptively entitled to dismissal after first showing the reviewing court that the claims filed against it are

> "based on" [its] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.

Bristol Asphalt, Co. v. Rochester Bituminous Prods., Inc., 227 N.E. 1019, 1037 (Mass. 2024) (quoting Duracraft Corp. v. Holmes Prods. Corp., 691 N.E.2d 935, 943 (Mass. 1998)).

-9-

Here, CVS has successfully demonstrated that all (valid) claims asserted in the complaint are based solely on its petitioning activities, i.e., the allegedly false police report made by CVS employees that Louati had passed counterfeit bills.

As a preliminary matter, several of the claims Louati asserts may be disposed of without further analysis because they are not recognized common-law torts in Massachusetts. Those claims are "intent of retaliation" (Count II), see Cardoso v. City of Brockton, 62 F. Supp. 3d 170, 184 (D. Mass. 2014), "spoliation of evidence" (Count VII), see Fletcher v. Dorchester Mut. Ins. Co., 773 N.E.2d 420, 424 (Mass. 2002) "increase lifelong medical damages" (Count VIII), see Rodgers v. Boynton, 52 N.E.2d 576, 577 (Mass. 1943), and "pain and suffering" (Count IX), see id.[4]

Moreover, plaintiff does not state a stand-alone claim for "vicarious liability"; rather, all of his tort claims rest on a theory of vicarious liability. See Dias v. Brigham Med Assocs., Inc., 780 N.E.2d 447, 449 (Mass. 2002). As such, Count III is duplicative of Louati's other tort claims.

---

[4] Even if this Court were to construe Count II as raising a retaliation claim under one of the numerous state and federal statutes which provide such a cause of action, those statutes are not applicable because Louati is not an employee of CVS. See, e.g., 42 U.S.C. § 2000e-3 (Title VII); 29 U.S.C. §§ 623(d), 626(c) (the Age Discrimination Employment Act); 42 U.S.C. § 12203 (the Fair Housing Act); 29 U.S.C. § 2615(a) (the Family and Medical Leave Act).

The remaining claims have no substantial basis beyond
defendant's petitioning activities, i.e., the employees' acts of
reporting Louati to the police for suspected use of counterfeit
bills. Count I (defamation) alleges that CVS employees "falsely
accused [Louati]" and committed libel "in filing a criminal
complaint" against him. Count IV (negligence) alleges that 1)
Jackson gave false information to the police because she "failed
to control her emotions" and sought to retaliate against him for
his having reported her to management one year earlier and 2)
other employees did not correct the report after learning that
plaintiff was innocent. Count V (abusive process) alleges that
the employees misused the BPD by filing wrongful criminal
complaints. Finally, Count VI (infliction of emotional
distress) alleges that "[t]his incident," i.e., the alleged
false report to the police, caused a serious deterioration of
Louati's mental health.

It is well-established that reporting crimes to the police,
and thus initiating the filing of a criminal complaint,
constitutes a petitioning activity within the meaning of the
Anti-SLAPP statute. Benoit v. Frederickson, 908 N.E.2d 714, 718
(Mass. 2009) (citing Wenger v. Aceto, 883 N.E.2d 262 (Mass.
2008); McLarnon v. Jokisch, 727 N.E.2d 813, 817 (Mass. 2000)).
Louati's allegation that the information reported to the police
was false and motivated by bad intentions does not affect the

calculus. <u>Polay</u> v. <u>McMahon</u>, at 387 ("The motive behind such petitioning activity does not matter.").

The Court concludes, after careful consideration, that CVS has satisfied its burden under the Anti-SLAPP Statute to demonstrate that the claims asserted against it are based upon its petitioning activities. Nor has plaintiff met his burden of showing, in turn, that the allegations "lacked any factual basis," given the statements made in the BPD investigation report. Therefore, plaintiff's claims will be dismissed.

### ORDER

For the foregoing reasons,

- plaintiff's motions for remand (Docket Nos. 7, 9, 15, 24) are **DENIED;**

- plaintiff's motion to amend (Docket No. 10) is **DENIED;**

- plaintiff's motions for sanctions (Docket Nos. 16, 23) are **DENIED;** and

- defendant's motion to dismiss (Docket No. 5) is **ALLOWED.**

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated September 4, 2025